```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

JONATHAN K. LEWIS,

                Plaintiff,

vs.                                 Case No.  2:10-cv-547-FtM-29DNF

CHARLOTTE  CORRECTIONAL  INSTITUTION
EMPLOYEES, A. TOMLINSON, Warden,
MR. MORGAN, MR.HUMMEL, C. ENGLUND,
COLONEL SNIDER, MAJOR ANDERSON, MR.
VARTIAN, MARTA VILLACORTA, J. ADAMS,
SECRETARY, DOC,

                Defendants.
_____
```

**ORDER**

This matter comes before the Court upon Plaintiff's Motion for Reconsideration (Doc. #33, Motion) filed October 18, 2010. Plaintiff asks the Court to reconsider its September 22, 2010 Order (Doc. #13), which denied Plaintiff's motion for a preliminary injunction and motion for temporary restraining order. Because the Motion was filed within twenty-eight (28) days of the Court's September 22, 2010 Order, the Court construes Plaintiff's Motion as brought pursuant to Federal Rule of Civil Procedure 59(e). To the extent discernable, Plaintiff is concerned that he will be prohibited from refiling a motion for a preliminary injunction due to the Court denying his previous motion in the above-captioned action. See generally Motion. Plaintiff then continues to list a litany of complaints concerning the conditions of his current confinement at Florida State Prison. Id.

Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000). "The only grounds for granting a rule 59 motion are newly discovered evidence or manifest error of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)(citations omitted). A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

Plaintiff sought a temporary restraining order and/or a preliminary injunction to prohibit officials at Florida State Prison, where he is currently located, from retaliating against Plaintiff due to his filing of the above-captioned action. Plaintiff speculated that officials may place him on a liquid diet, put foreign objects, such as insects, into his food, or take some other type of retaliatory conduct against him. In the instant Motion, Plaintiff complains that he has found "roaches and blood in [his] food." Motion at 4. Plaintiff also suspects that he has a kidney problem, but prison officials "will not help." Id.

The Court, in denying Plaintiff relief, found that it lacked venue to grant Plaintiff the relief he sought, and advised Plaintiff that he should seek relief from the Jacksonville Division of this Court if he believed that he was in imminent danger.

Additionally, the Court pointed out that Plaintiff has not complied with the requirements of either Fed. R. Civ. P. 65(b) or Local Rule 4.05(b), nor had Plaintiff demonstrated a threat of an immediate and irreparable injury or loss, posted security, or explained why security should not be posted.

Plaintiff does not advance any of the criteria to warrant reconsideration under Rule 59(e) in his Motion. Plaintiff is again advised that to the extent Plaintiff believes he is being retaliated against for filing this Complaint, and/or is in imminent danger of physical harm, Plaintiff is required to seek relief from the Jacksonville Division of this Court. Additionally, the Florida Department of Corrections has established an inmate grievance procedure for all inmates in their custody to address inmate concerns. Fla. Admin. Code 33-103.001-019.

ACCORDINGLY, it is hereby **ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. #33), construed as brought pursuant to Rule 59(e), is **DENIED**.

2. The Clerk of Court shall forward a civil rights complaint form to Plaintiff with this Order for Plaintiff's use should he wish to file an action with the Jacksonville Division of this Court concerning the conditions of his confinement at Florida State Prison.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___12th___ day of January, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record